UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA MARIA PITTS,

    Petitioner,

                                          CASE NO. 05-CV-74304-DT

v.

                                          PAUL D. BORMAN

STATE OF MICHIGAN,                UNITED STATES DISTRICT JUDGE

    Respondent.
_____/

**ORDER DISMISSING HABEAS CORPUS PETITION WITHOUT PREJUDICE**

Petitioner Donna Maria Pitts has filed a *pro se* habeas corpus petition, challenging her state court convictions on five (5) grounds. The Court has concluded for reasons given below that the habeas petition must be summarily dismissed.

**Background**

Petitioner pleaded no contest in 2003 to being a felon in possession of a firearm and carrying a concealed weapon. The trial court sentenced Petitioner to concurrent terms of forty to sixty months for the crimes. Petitioner appealed her convictions, but the Michigan Court of Appeals dismissed her appeal for failure to pursue the case in conformity with the rules. *See People v. Pitts*, No. 255017 (Mich. Ct. App. Sept. 10, 2004). Petitioner alleges that she did not seek further relief in the Michigan Supreme Court and has not filed a post-conviction motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules. She signed and dated her habeas petition on September 20, 2005.

**Discussion**

The doctrine of exhaustion of state remedies provides that:

> [b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan, supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation marks omitted). State prisoners in Michigan are expected to raise their claims in the Michigan Court of Appeals and in the Michigan Supreme Court. *See Dombkowski v. Johnson*, 488 F.2d 68, 70 (1973).

Petitioner alleges that she did not raise her five habeas claims in her application for leave to appeal to the Michigan Court of Appeals and that she did not appeal to the Michigan Supreme Court. Thus, none of her habeas claims are exhausted.

Accordingly, the habeas petition is DISMISSED without prejudice to Petitioner's right to move for reinstatement of this case within sixty days of exhausting state remedies for her claims. The filing of a motion for reinstatement is no guarantee that the motion will be granted. Furthermore, the Court declines to say whether the present habeas petition was filed timely or whether a future habeas petition would be barred from substantive review by the statute of limitations, *see* 28 U.S.C. § 2244(d), or some other reason.

                s/Paul D. Borman  
                PAUL D. BORMAN  
                UNITED STATES DISTRICT JUDGE

Dated: January 6, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 6, 2006.

                s/Jonie Parker  
                Case Manager